## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CIARA ANDERSON | : |
| 323 Brook Street | : |
| Bristol, PA 19007 | : |
| and | : |
| ELLEN SCANCELLA | : |
| 323 Brook Street | : |
| Bristol, PA 19007 | : |
| and | : |
| M.M., a minor by and | : |
| through her P/N/G, STEPHANIE | : |
| SCANCELLA | : |
| 300 Brook Street | : |
| Bristol, PA 19007 | : |
| and | : |
| C.A., a minor by | : |
| and through her P/N/G, STEPHANIE | : |
| SCANCELLA | : |
| 300 Brook Street | : |
| Bristol, PA 19007 | : |
| and | : |
| N.G., a minor, by and | : |
| through her P/N/G, ELIZABETH GROTZ | : |
| 1302 Gibson Road, Trailer 90 | : |
| Bensalem, PA 19020 | : |
| and | : |
| R.C., a minor by and | : |
| through her P/N/G, SAMARA | : |
| KITCHENS | : |
| 308 Buckley Street | : |
| Bristol, PA 19007 | : |
| | : |
| v. | : |
| | : |
| BOROUGH OF BRISTOL | : |
| 250 Pond Street | : |
| Bristol, PA 19007 | : |
| and | : |
| BOROUGH OF BRISTOL POLICE | : |
| DEPARTMENT | : |
| 250 Pond Street | : |
| Bristol, PA 19007 | : |
| and | : |

POLICE OFFICER DINO LEPORE                          :
c/o BOROUGH OF BRISTOL POLICE                       :
DEPARTMENT                                          :
(Individually and in his official capacity)         :
250 Pond Street                                     :
Bristol, PA 19007                                   :
    and                         :
SERGEANT ALAN HANKINSON                             :
c/o BOROUGH OF BRISTOL POLICE                       :
DEPARTMENT                                          :
(Individually and in his official capacity)         :
250 Pond Street                                     :
Bristol, PA 19007                                   :
    and                         :
SERGEANT PETER FAIGHT                               :
c/o BOROUGH OF BRISTOL POLICE                       :
DEPARTMENT                                          :
(Individually and in his official capacity)         :
250 Pond Street                                     :
Bristol, PA 19007                                   :
    and                         :
COMMONWEALTH OF                                     :
PENNSYLVANIA, PENNSYLVANIA                          :
STATE POLICE DEPARTMENT                             :
1800 Elmerton Avenue                                :
Harrisburg, PA 17110                                :
    and                         :
TROOPER ANDREW McWILLIAMS                           :
c/o COMMONWEALTH OF                                 :
PENNSYLVANIA, PENNSYLVANIA                          :
STATE POLICE DEPARTMENT                             :
(Individually and in his official capacity)         :
3501 Neshaminy Boulevard                            :
Bensalem, PA 19020                                  :
    and                         :
TROOPER IGOR KARLOV                                 :
c/o COMMONWEALTH OF                                 :
PENNSYLVANIA, PENNSYLVANIA                          :
STATE POLICE DEPARTMENT                             :
(Individually and in his official capacity)         :
3501 Neshaminy Boulevard                            :
Bensalem, PA 19020                                  :
    and                         :

CORPORAL JOSEPH IRWIN                              :
c/o COMMONWEALTH OF                               :
PENNSYLVANIA, PENNSYLVANIA                        :
STATE POLICE DEPARTMENT                           :
(Individually and in his official capacity)       :
3501 Neshaminy Boulevard                          :
Bensalem, PA 19020                                :
    and                       :
KASIR RUSSELL-CURRY                               :
6311 Glenloch Street                              :
Philadelphia, PA 19135                            :
    and                       :
DONNA CURRY                                       :
6311 Glenloch Street                              :
Philadelphia, PA 19135                            :
    and                       :
CARLOS HINOSTROZA POZO                            :
260 Bell Avenue, 2nd Floor                        :
Lodi, NJ 07644                                    :
    and                       :
TURO, INC.                                        :
111 Sutter Street, Floor 13                       :
San Francisco, CA 94104                           :
    and                       :
P/O JOHN DOES I-X                                 :
BOROUGH OF BRISTOL POLICE                         :
DEPARTMENT                                        :
(Individually and in their official capacities)  :
250 Pond Street                                   :
Bristol, PA 19007                                 :
    and                       :
TROOPERS, JOHN DOES I-X                           :
COMMONWEALTH OF                                   :
PENNSYLVANIA, PENNSYLVANIA                        :
STATE POLICE DEPARTMENT                           :
(Individually and in their official capacities)  :
1800 Elmerton Avenue                              :
Harrisburg, PA 17110                              :
                                             :
_____      :

## **COMPLAINT**

    Plaintiffs, by and through their counsel, Benjamin Hoffman, Esquire and Anthony

Lopresti, Esquire, brings this suit to recover for federal constitutional violations, federal statutory

violations, and state law claims, as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. §1331 and §1343. This action arises under the provisions of the Civil Rights Act of 1866, as amended 42 U.S.C. §1983. This Court has supplemental jurisdiction over the state claims asserted herein pursuant to 28 U.S.C. Section 1367.

2.      Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b) in that the actions complained of took place in Bucks County, Pennsylvania, which is within the bounds of the Eastern District, and Defendants carry on business within the Eastern District.

## PARTIES

3.      Plaintiff, Ciara Anderson is an adult individual and a resident of 323 Brook Street, Bristol, Pennsylvania 19007.

4.      Plaintiff, Ellen Scancella is an adult individual and a resident of 323 Brook Street, Bristol, Pennsylvania 19007.

5.      Plaintiff, M.M. is a minor individual, is bringing this matter by and through her p/n/g, Stephanie Scancella and resides at 300 Brook Street, Bristol, Pennsylvania, 19007.

6.      Plaintiff, C.A. is a minor individual, is bringing this matter by and through her p/n/g, Stephanie Scancella and resides at 300 Brook Street, Bristol, Pennsylvania, 19007.

7.      Plaintiff, N.G. is a minor individual, is bringing this matter by and through her p/n/g, Elizabeth Grotz and resides at 1302 Gibson Road, Trailer 90, Bensalem, Pennsylvania, 19020.

8.      Plaintiff, R.C. is a minor individual, is bringing this matter by and through her p/n/g, Samara Kitchens and resides at 308 Buckley Street, Bristol, Pennsylvania, 19007.

9.      Defendant, Borough of Bristol (hereinafter referred to as "Borough") is a

municipality in Bucks County, Pennsylvania and owns, operates, manages, directs and controls the Borough of Bristol Police Department, which employs some of the defendant police officers named as parties herein.

10.     At all times relevant to this action, the Borough acted through its employee police officers as listed below.

11.     Defendant, Borough of Bristol Police Department (hereinafter referred to as "Bristol PD") is a duly organized entity that directs and controls the some of the defendant police officers named as parties herein.

12.     At all times relevant to this action, Bristol PD acted through its employee police officers as listed below.

13.     Defendant, Police Officer Dino Lepore (hereinafter referred to as "Lepore") was at all relevant times acting within the course and scope as a police officer with Defendant Borough and/or Bristol PD.

14.     Defendant Lepore is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the Borough, Bristol PD and/or the Commonwealth of Pennsylvania.

15.     Defendant, Sergeant Alan Hankinson (hereinafter referred to as "Hankinson") was at all relevant times a Sergeant and/or a commanding officer with Defendant Borough and/or Bristol PD.

16.     Defendant Hankinson is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the Borough, Bristol PD and/or the

Commonwealth of Pennsylvania.

17.    At all relevant times Defendant Hankinson was a supervisory official, who was responsible for supervising other police officers in the Bristol PD.

18.    Defendant, Sergeant Peter Faight (hereinafter referred to as "Faight") was at all relevant times a Sergeant and/or a commanding officer with Defendant Borough and/or Bristol PD.

19.    Defendant Faight is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the Borough, Bristol PD and/or the Commonwealth of Pennsylvania.

20.    At all relevant times Defendant Faight was a supervisory official, who was responsible for supervising other police officers in the Bristol PD.

21.    Defendant, Commonwealth of Pennsylvania, Pennsylvania State Police Department (hereinafter referred to as "State Police") is a duly organized entity that directs and controls the some of the defendant police officers named as parties herein.

22.    At all times relevant to this action, State Police acted through its employee police officers as listed below.

21.    Defendant, Trooper Andrew McWilliams (hereinafter referred to as "McWilliams") was at all relevant times a police officer and/or state trooper with Defendant State Police.

22.    Defendant McWilliams is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the State Police and/or the

Commonwealth of Pennsylvania.

23.     Defendant, Trooper Igor Karlov (hereinafter referred to as "Karlov") was at all relevant times a police officer and/or state trooper with Defendant State Police.

24.     Defendant Karlov is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the State Police and/or the Commonwealth of Pennsylvania.

25.     Defendant, Corporal Joseph Irwin (hereinafter referred to as "Irwin") was at all relevant times a Corporal and/or a commanding officer with Defendant State Police.

26.     Defendant Irwin is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the State Police and/or the Commonwealth of Pennsylvania.

27.     At all relevant times Defendant Irwin was a supervisory official, who was responsible for supervising other police officers in the State Police.

28.     Defendant, Kasir Russell-Curry, is an adult individual and a resident of 6311 Glenloch Street, Philadelphia, Pennsylvania 19135.

29.     Defendant, Donna Curry, is an adult individual and a resident of 6311 Glenloch Street, Philadelphia, Pennsylvania 19135.

30.     Defendant, Carlos Hinostroza Pozo, is an adult individual and a resident of 260 Bell Avenue, 2nd Floor, Lodi, New Jersey 07644.

31.     Defendant, Turo, Inc., (hereinafter referred to as "Turo") is a duly organized and registered business entity who regularly conducts business in Pennsylvania and has an address

for service located at 111 Sutter Street, Floor 13, San Francisco, California 94104.

32.     At all times relevant to the within matter, Turo acted by and through its employees, agents or other representatives.

31.     Defendants P/O John Does, I-X (hereinafter referred to as "P/O I-X") were at all relevant times police officers with the Police Department of the Borough of Bristol.  Their names are not currently known. They were present and involved in official police activities which give rise to the within causes of action and were with the Bristol PD at all times relevant to this action.

33.     Defendants P/O I-X are all sued in their individual and official capacities and at all times relevant hereto were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the Borough, Bristol PD and/or the Commonwealth of Pennsylvania.

34.     Defendants Trooper John Does, I-X (hereinafter referred to as "Troopers I-X") were at all relevant times police officers with the State Police.  Their names are not currently known. They were present and involved in official police activities which give rise to the within causes of action and were with the State Police at all times relevant to this action.

35.     Defendants Troopers I-X are all sued in their individual and official capacities and at all times relevant hereto were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the State Police and/or the Commonwealth of Pennsylvania.

## **FACTUAL ALLEGATIONS ON THE MERITS**

36.     On or about April 30, 2022, Defendant, Kasir Russell-Curry was operating a 2020 BMW X6 (hereinafter referred to as "BMW") which was owned by Defendant, Carlos

Hinostroza Pozo and rented to Defendant, Donna Curry by and through Defendant, Turo.

37.    It is believed, and therefore averred, that Defendants, Donna Curry, Carlos Hinostroza Pozo and Turu permitted Defendant, Kasir Russell-Curry to drive the BMW.

38.    On or about April 30, 2022, at approximately 12:05pm, while utilizing radar, Defendant, Karlov observed the aforementioned BMW travelling at a speed of 100 miles per hour.

39.    Shortly after observing the BMW travelling at a speed of 100 miles per hour, Defendant, Karlov left his stationary position and initiated a pursuit of the BMW.

40.    While attempting to stop the BMW, Defendant, Karlov observed the BMW continuously travel well over 100 miles per hour.

41.    At or near Bristol Exit 39 (SR 413), Defendant, Karlov activated his vehicle's emergency equipment.

42.    At or near Bristol Exit 39 (SR 413), Defendant, Karlov observed the BMW accelerate down the exit ramp and continue on to SR 413 at the same high rate of speed.

43.    Defendant, Karlov's pursuit continued into Bristol Borough.

44.    At approximately 12:11, Defendant, Lepore was operating a Bristol PD police cruiser, when he observed the BMW travelling at a high rate of speed on Beaver Street in the northbound direction.

45.    Defendant, Lepore observed the BMW make a left hand turn on to Point Street, at which time, Defendant, Lepore notified Bucks County Radio dispatch and began pursuing the BMW.

46.    All three vehicles (the BMW, the Bristol PD car and the State Police car) continued through the Borough of Bristol at a high rate of speed.

47. Neither Defendants, Karlov nor Lepore had any information to suspect that Defendant Kasir Russell-Curry was engaging in, or had engaged in, any violent acts.

48. Nevertheless, despite not having information to believe that Kasir Russell-Curry was engaging in, or had engaged in, any violent acts, Defendants, Karlov and Lepore continued their high speed pursuit of Kasir Russell-Curry throughout the Borough of Bristol.

49. As the BMW reached Garden Street and Jefferson Avenue, while being chased by Defendants, Karlov and Lepore, the BMW crashed into the vehicle, a 2013 Nissan Quest Van (hereinafter referred to as the "Van") being operated by Plaintiff, Ciara Anderson, in which Plaintiffs, R.C., M.M., C.A. and N.G. were passengers therein.

50. The Van was owned by Plaintiff Ellen Scancella.

51. At all times during the chase/pursuit, Defendants, Karlov and Lepore were aware that they were pursuing Defendant, Kasir Russell-Curry over an alleged traffic violation.

52. At all relevant times, Defendants, Karlov and Leopre knew that the high-speed pursuit of the vehicle driven by Kasir Russel-Curry created a substantial risk of serious bodily injury and/or death to persons other than Defendant, Kasir Russell-Curry, including, other motorists and their passengers.

53. As a result of the chase/pursuit over a traffic offense, and subsequent crash, Plaintiffs sustained significant injuries, which form the basis of this action and are detailed as follows:

### A.    Ciara Anderson

54. As a direct result of the aforementioned conduct by Defendants, acting as aforesaid, Plaintiff, Ciara Anderson was caused to sustain serious, debilitating and life-altering injuries including, but not limited to: closed fracture of shaft of left femur requiring surgery and

subsequent rotational correction, permanent scarring, closed head injury, bursitis trochanteric left, migraines, left arm abrasion, multiple pelvic fractures, anxiety as well as other injuries as may be diagnosed by Plaintiff's medical providers.

55.     Plaintiff, Ciara Anderson avers that the injuries she sustained are life-altering and of a permanent nature.

56.     As a further direct result of the aforementioned conduct, Plaintiff, Ciara Anderson has been unable in the past, and is likely to continue to be unable in the future, to attend to her usual duties, activities, vocations and avocations, all to her great financial loss and detriment.

57.     As a further direct result of the aforementioned conduct, Plaintiff, Ciara Anderson has been required to expend or become liable for the payment of substantial sums of money for medical care, procedures, medications and medical attention for the care, treatment and attempted cure of the injuries she sustained, all to her great financial loss and detriment.

58.     As a further direct result of the aforementioned conduct, Plaintiff, Ciara Anderson has been caused to undergo in the past, and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to her great financial loss and detriment.

   **B.     R.C. a minor**

59.     As a direct result of the aforementioned conduct by Defendants, acting as aforesaid, Plaintiff, R.C. was caused to sustain serious, debilitating and life-altering injuries including, but not limited to: facial abrasions and permanent scarring, multiple facial fractures, closed head injury, migraines, anxiety as well as other injuries as may be diagnosed by Plaintiff's medical providers.

60.     Plaintiff, R.C. avers that the injuries she sustained are life-altering and of a permanent nature.

61.     As a further direct result of the aforementioned conduct, Plaintiff, R.C. has been unable in the past, and is likely to continue to be unable in the future, to attend to her usual duties, activities, vocations and avocations, all to her great financial loss and detriment.

62.     As a further direct result of the aforementioned conduct, Plaintiff, R.C. has been required to expend or become liable for the payment of substantial sums of money for medical care, procedures, medications and medical attention for the care, treatment and attempted cure of the injuries she sustained, all to her great financial loss and detriment.

63.     As a further direct result of the aforementioned conduct, Plaintiff, R.C. has been caused to undergo in the past, and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to her great financial loss and detriment.

**C.     M.M. a minor**

64.     As a direct result of the aforementioned conduct by Defendants, acting as aforesaid, Plaintiff, M.M. was caused to sustain serious, debilitating and life-altering injuries including, but not limited to: closed head injury, facial bruising, anxiety, as well as other injuries as may be diagnosed by Plaintiff's medical providers.

65.     Plaintiff, M.M. avers that the injuries she sustained are life-altering and of a permanent nature.

66.     As a further direct result of the aforementioned conduct, Plaintiff, M.M. has been unable in the past, and is likely to continue to be unable in the future, to attend to her usual duties, activities, vocations and avocations, all to her great financial loss and detriment.

67.     As a further direct result of the aforementioned conduct, Plaintiff, M.M. has been required to expend or become liable for the payment of substantial sums of money for medical care, procedures, medications and medical attention for the care, treatment and attempted cure of

the injuries she sustained, all to her great financial loss and detriment.

68.     As a further direct result of the aforementioned conduct, Plaintiff, M.M. has been caused to undergo in the past, and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to her great financial loss and detriment.

**D.     C.A. a minor**

69.     As a direct result of the aforementioned conduct by Defendants, acting as aforesaid, Plaintiff, C.A. was caused to sustain serious, debilitating and life-altering injuries including, but not limited to: closed head injury, jaw injury, dental injury, knee injury, right leg injury, anxiety, as well as other injuries as may be diagnosed by Plaintiff's medical providers.

70.     Plaintiff, C.A. avers that the injuries she sustained are life-altering and of a permanent nature.

71.     As a further direct result of the aforementioned conduct, Plaintiff, C.A. has been unable in the past, and is likely to continue to be unable in the future, to attend to her usual duties, activities, vocations and avocations, all to her great financial loss and detriment.

72.     As a further direct result of the aforementioned conduct, Plaintiff, C.A. has been required to expend or become liable for the payment of substantial sums of money for medical care, procedures, medications and medical attention for the care, treatment and attempted cure of the injuries she sustained, all to her great financial loss and detriment.

73.     As a further direct result of the aforementioned conduct, Plaintiff, C.A. has been caused to undergo in the past, and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to her great financial loss and detriment.

**E.     N.G. a minor**

74.     As a direct result of the aforementioned conduct by Defendants, acting as

aforesaid, Plaintiff, N.G. was caused to sustain serious, debilitating and life-altering injuries including, but not limited to: facial laceration resulting in permanent scarring, pupic rami fracture, sacroiliac fracture, multiple pelvic fractures requiring surgery, concussion, anxiety, as well as other injuries as may be diagnosed by Plaintiff's medical providers.

75.     Plaintiff, N.G. avers that the injuries she sustained are life-altering and of a permanent nature.

76.     As a further direct result of the aforementioned conduct, Plaintiff, N.G. has been unable in the past, and is likely to continue to be unable in the future, to attend to her usual duties, activities, vocations and avocations, all to her great financial loss and detriment.

77.     As a further direct result of the aforementioned conduct, Plaintiff, N.G. has been required to expend or become liable for the payment of substantial sums of money for medical care, procedures, medications and medical attention for the care, treatment and attempted cure of the injuries she sustained, all to her great financial loss and detriment.

78.     As a further direct result of the aforementioned conduct, Plaintiff, N.G. has been caused to undergo in the past, and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to her great financial loss and detriment.

### F.     Ellen Scancella

79.     As a direct result of the aforementioned conduct by Defendants, acting as aforesaid, Plaintiff, Ellen Scancella was caused to sustain damages to her property including, but not limited to her 2013 Nissan Quest.

80.     As a further direct result of the aforementioned conduct, Plaintiff, Ellen Scancella has been required to expend or become liable for the payment of substantial sums of money for repairs, rentals, and other financial payments, all to her great financial loss and detriment.

## COUNT I – CIVIL RIGHTS VIOLATION
## FAILURE TO TRAIN PURSUANT TO 42 U.S.C. § 1983

**PLAINTIFFS, CIARA ANDERSON, ELLEN SCANCELLA, M.M., A MINOR BY AND THROUGH HER P/N/G, STEPHANIE SCANCELLA, C.A., A MINOR, BY AND THROUGH HER P/N/G STEPHANIE SCANCELLA, N.G., A MINOR, BY AND THROUGH HER P/N/G ELIZABETH GROTZ AND R.C., A MINOR, BY AND THROUGH HER P/N/G SAMARA KITCHENS vs. DEFENDANTS, BOROUGH OF BRISTOL, BOROUGH OF BRISTOL POLICE DEPARTMENT, SERGEANT ALAN HANKINSON, SERGEANT PETER FAIGHT AND P/O JOHN DOES I-X, ONLY**

81.     All preceding paragraphs are incorporated herein by reference.

82.     Defendants failed to adopt, create, implement and/or enforce policies, procedures and protocols for vehicular pursuits and those failures enabled their employees and agents to act with deliberate indifference to the Constitutional Rights of the Plaintiffs.

83.     Defendants acted in violation of 75 Pa. C.S.A. § 6342 by failing to enforce and/or create and implement a written emergency vehicle response policy governing procedure under which a police officer should initiate, continue and terminate a motor vehicle pursuit and failed to maintain records of vehicular pursuits.

84.     Defendants failed to track information concerning vehicular pursuits including statistical analysis of police conduct.

85.     Defendants failed to adequately enforce the relevant policies for vehicular pursuits, crashes and injuries to the subjects of police action, and failed to train, and/or supervise and/or discipline their officers, employees and/or agents in the performance of their duties and/or undertook actions which were improper and/or illegal and demonstrated indifference to the Constitutional rights of individuals such as Plaintiffs.

86.     Defendants thus enabled their employees, servants or agents to act with deliberate indifference to the Constitutional rights of individuals such as Plaintiffs.

87.     Upon information and belief, engaging in vehicular pursuits for non-violent

felonies, misdemeanors and traffic violations was standard operating procedure accepted within the police department.

88.      Defendants, by and through their supervisory officers were all aware of the grave dangers involved in vehicular pursuits.  Such defendants' failures to create policies and/or enforce policies and/or train and/or supervise and/or discipline the employees of the police department regarding vehicular pursuits amounted to a deliberate indifference to an obvious need for creation of policies, training, enforcement, supervision and/or discipline.

89.      The need for more or different training and/or supervision for police officers was or should have been so obvious to Defendants, and the inadequacy so likely to result in the violation of Constitutional Rights that such Defendants failure to create policies and/or enforce policies and/or train and/or supervise and/or discipline the officers and supervisors of the police department regarding vehicular pursuit policies amounted to deliberate indifference.

90.      The unconstitutional consequences of failing to create policies and/or enforce policies, and/or train and/or supervise and/or discipline the officers and supervisors of the police department in the policies governing vehicular pursuits were, or should have been patently obvious to such defendants.

91.      Defendants knew that police officers in their control would confront situations where they had to determine whether to initiate and/or terminate a vehicular pursuit.

92.      Defendants knew that decisions as to whether to initiate and/or terminate vehicular pursuits involve difficult choices and/or a history of employee mishandling.

93.      Defendants knew that the wrong choice by an employee as to whether to initiate and/or terminate vehicular pursuits could cause deprivation of civil and Constitutional Rights, including, but not limited to, unlawful seizures, injury and death.

94.     Defendants' actions, errors and omissions, as more fully described herein, constituted violations of Plaintiffs' rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, the right to life, liberty and bodily integrity.

95.     The acts of Defendants amounted to deliberate indifference to the rights of Plaintiffs and of any similarly situated person secured by the Fourth and Fourteenth Amendments to the United States Constitution.

96.     Defendants' actions, and violation of Plaintiffs' rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution, as described herein, were the proximate cause of Plaintiffs' accident and subsequent injuries.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants in an amount in excess of $150,000.00, plus interest, costs of suit, attorneys' fees and other relief to which Plaintiffs may be entitled and that this Court deems just and proper.

## COUNT II – CIVIL RIGHTS VIOLATION
## STATE CREATED DANGER

**PLAINTIFFS, CIARA ANDERSON, ELLEN SCANCELLA, M.M., A MINOR BY AND THROUGH HER P/N/G, STEPHANIE SCANCELLA, C.A., A MINOR, BY AND THROUGH HER P/N/G STEPHANIE SCANCELLA, N.G., A MINOR, BY AND THROUGH HER P/N/G ELIZABETH GROTZ AND R.C., A MINOR, BY AND THROUGH HER P/N/G SAMARA KITCHENS vs. DEFENDANTS, BOROUGH OF BRISTOL, BOROUGH OF BRISTOL POLICE DEPARTMENT, SERGEANT ALAN HANKINSON, SERGEANT PETER FAIGHT, POLICE OFFICER DINO LEPORE AND P/O JOHN DOES I-X, ONLY**

97.     All preceding paragraphs are incorporated herein by reference.

98.     At all times material hereto, Defendants, Lepore, Hankinson, Faight and P/O John Does, I-X acted under color of state law.

99.     Defendants' conduct, as set forth above and herein, evidences a state-created danger.

100.     By engaging in an unjustified high-speed chase/pursuit in a densely populated area without reasonable belief that Defendant, Kasir Russell-Curry committed a requisite offense and/or posed an immediate threat to public safety, Defendants were deliberately indifferent and demonstrated a reckless disregard to the safety, bodily integrity, well-being, liberty and substantive due process rights of Plaintiffs.

101.     Defendants' conduct, as set forth above, demonstrates that Defendants acted with conscious disregard of the great risk of serious harm to Plaintiffs.

102.     The above-referenced actions rise to a level of intent to cause harm.

103.     Defendants' conduct, as set forth above, was so egregious as to shock the conscience.

104.     Defendants' conduct, as set forth above, demonstrates Defendants' conduct affirmatively created an opportunity that otherwise would not have existed for harm to Plaintiffs to occur.

105.     Defendants' conduct, as set forth above, demonstrates that Defendants unreasonably and unjustifiably placed Plaintiffs in a foreseeably dangerous position.

106.     Defendants' conduct, as set forth above, demonstrates that the harm caused to Plaintiffs was a foreseeable and fairly direct result of Defendants' conduct.

107.     Defendants' conduct, as set forth herein, violated Plaintiff's Constitutional Rights, as guaranteed by the United States and Pennsylvania Constitutions, and remediable under 42 U.S.C. § 1983.

108.     Defendants were aware that Plaintiffs had a clearly established constitutional right

to bodily integrity and right to be free of state created danger at the time of the incident.

109.    As a direct and proximate result of Defendants' unreasonable, unjustifiable and unconstitutional conduct, Plaintiffs were caused to suffer the injuries as described above.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants in an amount in excess of $150,000.00, plus interest, costs of suit, attorneys' fees and other relief to which Plaintiffs may be entitled and that this Court deems just and proper.

**COUNT III – CIVIL RIGHTS VIOLATION**
**FAILURE TO TRAIN PURSUANT TO 42 U.S.C. § 1983**

**PLAINTIFFS, CIARA ANDERSON, ELLEN SCANCELLA, M.M., A MINOR BY AND THROUGH HER P/N/G, STEPHANIE SCANCELLA, C.A., A MINOR, BY AND THROUGH HER P/N/G STEPHANIE SCANCELLA, N.G., A MINOR, BY AND THROUGH HER P/N/G ELIZABETH GROTZ AND R.C., A MINOR, BY AND THROUGH HER P/N/G SAMARA KITCHENS vs. DEFENDANTS, COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE DEPARTMENT AND CORPORAL JOSEPH IRWIN, ONLY**

110.    All preceding paragraphs are incorporated herein by reference.

111.    Defendants failed to adopt, create, implement and/or enforce policies, procedures and protocols for vehicular pursuits and those failures enabled their employees and agents to act with deliberate indifference to the Constitutional Rights of the Plaintiffs.

112.    Defendants acted in violation of 75 Pa. C.S.A. § 6342 by failing to enforce and/or create and implement a written emergency vehicle response policy governing procedure under which a police officer should initiate, continue and terminate a motor vehicle pursuit and failed to maintain records of vehicular pursuits.

113.    Defendants failed to track information concerning vehicular pursuits including statistical analysis of police conduct.

114.    Defendants failed to adequately enforce the relevant policies for vehicular

pursuits, crashes and injuries to the subjects of police action, and failed to train, and/or supervise and/or discipline their officers, employees and/or agents in the performance of their duties and/or undertook actions which were improper and/or illegal and demonstrated indifference to the Constitutional rights of individuals such as Plaintiffs.

115.    Defendants thus enabled their employees, servants or agents to act with deliberate indifference to the Constitutional rights of individuals such as Plaintiffs.

116.    Upon information and belief, engaging in vehicular pursuits for non-violent felonies, misdemeanors and traffic violations was standard operating procedure accepted within the police department.

117.    Defendants, by and through their supervisory officers/troopers were all aware of the grave dangers involved in vehicular pursuits.  Such defendants' failures to create policies and/or enforce policies and/or train and/or supervise and/or discipline the employees of the police department regarding vehicular pursuits amounted to a deliberate indifference to an obvious need for creation of policies, training, enforcement, supervision and/or discipline.

118.    The need for more or different training and/or supervision for police officers/troopers was or should have been so obvious to Defendants, and the inadequacy so likely to result in the violation of Constitutional Rights that such Defendants failure to create policies and/or enforce policies and/or train and/or supervise and/or discipline the officers/troopers and supervisors of the police department regarding vehicular pursuit policies amounted to deliberate indifference.

119.    The unconstitutional consequences of failing to create policies and/or enforce policies, and/or train and/or supervise and/or discipline the officers and supervisors of the police department in the policies governing vehicular pursuits were, or should have been patently

obvious to such defendants.

120.    Defendants knew that police officers/troopers in their control would confront situations where they had to determine whether to initiate and/or terminate a vehicular pursuit.

121.    Defendants knew that decisions as to whether to initiate and/or terminate vehicular pursuits involve difficult choices and/or a history of employee mishandling.

122.    Defendants knew that the wrong choice by an employee as to whether to initiate and/or terminate vehicular pursuits could cause deprivation of civil and Constitutional Rights, including, but not limited to, unlawful seizures, injury and death.

123.    Defendants' actions, errors and omissions, as more fully described herein, constituted violations of Plaintiffs' rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, the right to life, liberty and bodily integrity.

124.    The acts of Defendants amounted to deliberate indifference to the rights of Plaintiffs and of any similarly situated person secured by the Fourth and Fourteenth Amendments to the United States Constitution.

125.    Defendants' actions, and violation of Plaintiffs' rights, privileges and immunities, as secured by the Fourth and Fourteenth Amendments to the United States Constitution, as described herein, were the proximate cause of Plaintiffs' accident and subsequent injuries.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants in an amount in excess of $150,000.00, plus interest, costs of suit, attorneys' fees and other relief to which Plaintiffs may be entitled and that this Court deems just and proper.

## COUNT IV – CIVIL RIGHTS VIOLATION
## STATE CREATED DANGER

**PLAINTIFFS, CIARA ANDERSON, ELLEN SCANCELLA, M.M., A MINOR BY AND THROUGH HER P/N/G, STEPHANIE SCANCELLA, C.A., A MINOR, BY AND THROUGH HER P/N/G STEPHANIE SCANCELLA, N.G., A MINOR, BY AND THROUGH HER P/N/G ELIZABETH GROTZ AND R.C., A MINOR, BY AND THROUGH HER P/N/G SAMARA KITCHENS vs. DEFENDANTS, COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE DEPARTMENT, TROOPER ANDREW MCWILLIAMS, TROOPER IGOR KARLOV, CORPORAL JOSEPH IRWIN AND TROOPERS, JOHN DOES I-X**

126.    All preceding paragraphs are incorporated herein by reference.

127.    At all times material hereto, Defendants, McWilliams, Karlov, Irwin and Troopers, John Does I-X acted under color of state law.

128.    Defendants' conduct, as set forth above and herein, evidences a state-created danger.

129.    By engaging in an unjustified high-speed chase/pursuit in a densely populated area without reasonable belief that Defendant, Kasir Russell-Curry committed a requisite offense and/or posed an immediate threat to public safety, Defendants were deliberately indifferent and demonstrated a reckless disregard to the safety, bodily integrity, well-being, liberty and substantive due process rights of Plaintiffs.

130.    Defendants' conduct, as set forth above, demonstrates that Defendants acted with conscious disregard of the great risk of serious harm to Plaintiffs.

131.    The above-referenced actions rise to a level of intent to cause harm.

132.    Defendants' conduct, as set forth above, was so egregious as to shock the conscience.

133.    Defendants' conduct, as set forth above, demonstrates Defendants' conduct affirmatively created an opportunity that otherwise would not have existed for harm to Plaintiffs

to occur.

134.    Defendants' conduct, as set forth above, demonstrates that Defendants unreasonably and unjustifiably placed Plaintiffs in a foreseeably dangerous position.

135.    Defendants' conduct, as set forth above, demonstrates that the harm caused to Plaintiffs was a foreseeable and fairly direct result of Defendants' conduct.

136.    Defendants' conduct, as set forth herein, violated Plaintiff's Constitutional Rights, as guaranteed by the United States and Pennsylvania Constitutions, and remediable under 42 U.S.C. § 1983.

137.    Defendants were aware that Plaintiffs had a clearly established constitutional right to bodily integrity and right to be free of state created danger at the time of the incident.

138.    As a direct and proximate result of Defendants' unreasonable, unjustifiable and unconstitutional conduct, Plaintiffs were caused to suffer the injuries as described above.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants in an amount in excess of $150,000.00, plus interest, costs of suit, attorneys' fees and other relief to which Plaintiffs may be entitled and that this Court deems just and proper.

## COUNT V
## STATE NEGLIGENCE CLAIMS

**PLAINTIFFS, CIARA ANDERSON, ELLEN SCANCELLA, M.M., A MINOR BY AND THROUGH HER P/N/G, STEPHANIE SCANCELLA, C.A., A MINOR, BY AND THROUGH HER P/N/G STEPHANIE SCANCELLA, N.G., A MINOR, BY AND THROUGH HER P/N/G ELIZABETH GROTZ AND R.C., A MINOR, BY AND THROUGH HER P/N/G SAMARA KITCHENS vs. DEFENDANTS, KASIR RUSSELL-CURRY, DONNA CURRY, CARLOS HINOSTROZA POZO, AND TURO, INC. ONLY**

139.    All preceding paragraphs are incorporated herein by reference.

140.    At all times material hereto, which is subject of this action, Defendant, Kasir

Russell-Curry, recklessly, negligently and carelessly operated the aforementioned BMW.

141.  At all times material hereto, which is subject of this action, the BMW in which Defendant, Kasir Russell-Curry was operating was entrusted to him by Defendants, Donna Curry, Carlos Hinostroza Pozo and/or Turo, Inc.

142.  The recklessness, carelessness and/or negligence of Defendants, acting as aforesaid, consisted of the following:

(a)  operating the BMW in a reckless, careless and negligent manner;

(b)  failing to adhere to traffic control devices;

(c)  failing to comply with police commands;

(d)  failing to have proper control of the BMW;

(e)  Defendant, Donna Curry negligently entrusted the BMW to Defendant, Kasir Russell when she knew, or should have known that Defendant, Kasir Russell-Curry had a propensity to drive in a reckless, carless and negligent fashion;

(f)  Defendant, Carlos Hinostroza Pozo negligently entrusted the BMW to Defendant, Kasir Russell when he knew, or should have known that Defendant, Kasir Russell-Curry had a propensity to drive in a reckless, carless and negligent fashion;

(g)  Defendant, Turo, Inc. negligently entrusted the BMW to Defendant, Kasir Russell when they knew, or should have known that Defendant, Kasir Russell-Curry had a propensity to drive in a reckless, carless and negligent fashion; and,

(h)  in being otherwise negligent, careless and reckless, the nature of which is

currently not developed, but may be learned during the discovery process.

143.    As a direct and proximate result of Defendants' negligent conduct, Plaintiffs were caused to suffer the injuries as described above.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants in an amount in excess of $150,000.00, plus interest, costs of suit, attorneys' fees and other relief to which Plaintiffs may be entitled and that this Court deems just and proper.

**COUNT VI**
**STATE NEGLIGENCE CLAIMS**

**PLAINTIFFS, CIARA ANDERSON, ELLEN SCANCELLA, M.M., A MINOR BY AND THROUGH HER P/N/G, STEPHANIE SCANCELLA, C.A., A MINOR, BY AND THROUGH HER P/N/G STEPHANIE SCANCELLA, N.G., A MINOR, BY AND THROUGH HER P/N/G ELIZABETH GROTZ AND R.C., A MINOR, BY AND THROUGH HER P/N/G SAMARA KITCHENS vs. DEFENDANT, TURO, INC. ONLY**

144.    All preceding paragraphs are incorporated herein by reference.

145.    At all times material hereto, which is subject of this action, Defendant, Turo, Inc. was acting by and through its employees, agents and/or servants who were acting within the course and scope of their employment with Turo, Inc.

146.    At all times material hereto, which is subject of this action, the BMW in which Defendant, Kasir Russell-Curry was operating was entrusted to him by Defendant, Turo, Inc.

147.    The recklessness, carelessness and/or negligence of Defendant, acting as aforesaid, consisted of the following:

(a)    renting, leasing and/or furnishing the BMW to Defendants, Donna Curry and/or Kasir Russell-Curry, which was in violation of their policies, protocols and procedures;

(b)    failing to adhere to established policies, protocols and procedures;

    (c)    failing to conduct background checks and/or other investigation into Defendants;

    (d)    negligently allowing Kasir Russell-Curry, who was a minor at the time of the incident to use and/or operate the BMW;

    (e)    Defendant, Turo, Inc. negligently entrusted the BMW to Defendant, Kasir Russell when they knew, or should have known that Defendant, Kasir Russell-Curry had a propensity to drive in a reckless, carless and negligent fashion; and,

    (f)    in being otherwise negligent, careless and reckless, the nature of which is currently not developed, but may be learned during the discovery process.

148.    As a direct and proximate result of Defendants' negligent conduct, Plaintiffs were caused to suffer the injuries as described above.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants in an amount in excess of $150,000.00, plus interest, costs of suit, attorneys' fees and other relief to which Plaintiffs may be entitled and that this Court deems just and proper.

CLEARFIELD & KOFSKY

BY: _____

    BENJAMIN C. HOFFMAN, ESQUIRE
    Attorney ID 311628
    1617 John F. Kennedy Boulevard, Suite 355
    Philadelphia, PA 19103
    (215) 563-6333
    Attorney for Plaintiffs