**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CIARA ANDERSON, et al., | : | |
| | : | |
| Plaintiffs, | : | No.: 2:23-cv-04118- TJS |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF BRISTOL, et al., | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |
| | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS BOROUGH OF BRISTOL AND OFFICER DINO LEPORE TO AMENDED COMPLAINT**

The Defendants Borough of Bristol and Officer Dino LePore, ("Answering Defendants") by and through their undersigned counsel, Siana Law, LLP, hereby answer the Plaintiffs' Amended Complaint as follows:

**JURISDICTION AND VENUE**

1.      Admitted.

2.      Admitted.

**PARTIES**

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Denied. The averments in this paragraph are conclusions of law and deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no Answering averments are required.

13.     Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

14.     Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

15.     Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

16.     Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

17.     Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

18.     Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

19.     Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

20.     Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

21.     Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

22.     Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.


**<u>FACTUAL ALLEGATIONS ON THE MERITS</u>**

23.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

24.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

25.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

26.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

27.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

28.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

29.      Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

30.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

31.     Admitted.

32.     Denied.

33.     Denied.

34.    Denied.

35.    Admitted in part and denied in part. It is admitted that Officer LePore did not have any information to suspect that Kasir Russell was engaging in or had engaged in any violent acts. The remaining allegations are denied as Answering Defendants, after a reasonable investigation, or without sufficient knowledge or information to form a belief as to the matter asserted.

36.    Denied.

37.    Denied.

38.    Admitted in part and denied in part. It is admitted that as the BMW reached Garden Street and Jefferson Avenue, the BMW crashed into the vehicle, a 2013 Nissan Quest Van operated by Plaintiff, Ciara Anderson, in which Plaintiffs, R.C., M.M., C.A., and N.G. were passengers. The remaining allegations are denied.

39.    Admitted.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.   After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

44.    Denied.   After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

45.    Denied.   After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

46.    Denied.   After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

47.     Denied

48.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

49.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

50.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

51.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

52.     Denied.

53.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

54.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

55.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

56.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

57.     Denied.

58.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

59.     Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the matter asserted.

60.     Denied.   After   reasonable   investigation,   Answering   Defendants   are   without sufficient knowledge or information to form a belief as to the matter asserted.

61.     Denied.   After   reasonable   investigation,   Answering   Defendants   are   without sufficient knowledge or information to form a belief as to the matter asserted.

62.     Denied.

63.     Denied.   After   reasonable   investigation,   Answering   Defendants   are   without sufficient knowledge or information to form a belief as to the matter asserted.

64.     Denied.   After   reasonable   investigation,   Answering   Defendants   are   without sufficient knowledge or information to form a belief as to the matter asserted.

65.     Denied.   After   reasonable   investigation,   Answering   Defendants   are   without sufficient knowledge or information to form a belief as to the matter asserted.

66.     Denied.   After   reasonable   investigation,   Answering   Defendants   are   without sufficient knowledge or information to form a belief as to the matter asserted.

67.     Denied.

68.     Denied.   After   reasonable   investigation,   Answering   Defendants   are   without sufficient knowledge or information to form a belief as to the matter asserted.

## COUNT I – CIVIL RIGHTS VIOLATION
## FAILURE TO TRAIN PURSUANT TO 42 U.S.C. § 1983

69.     Denied. Answering Defendants incorporate their responses to the previous paragraphs as though set forth herein at length.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

75.     Denied.

76.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

77.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

78.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

79.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

80.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

81.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

82.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

83.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

84.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

**WHEREFORE,** Answering Defendants request judgment in their favor and against Plaintiff, together with attorney fees and costs as permissible by law, and such other relief this Court may deem appropriate.

## COUNT II – CIVIL RIGHTS VIOLATION

85.     Denied. Answering Defendants incorporate their responses to the previous paragraphs as though set forth herein at length.

86.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

87.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

88.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

89.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

90.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

91.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

92.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

93.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

94.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

95.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

96.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

97.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

98.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

99.     Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

**WHEREFORE,** Answering Defendants request judgment in their favor and against Plaintiff, together with attorney fees and costs as permissible by law, and such other relief this Court may deem appropriate.

## COUNT IV – CIVIL RIGHTS VIOLATION [1]

100.     Denied. Answering Defendants incorporate their responses to the previous paragraphs as though set forth herein at length.

101.     Denied. The averments contained in this paragraph are not directed at Answering Defendant.

---

[1] Count III from the original Complaint was omitted in the Amended Complaint. We used the numbering scheme as listed in the Amended Complaint.

102.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

103.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

104.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

105.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

106.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

107.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

108.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

109.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

110.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

111.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

112.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

113.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

114.    Denied. The averments contained in this paragraph are not directed at Answering Defendant.

**WHEREFORE,** Answering Defendants request judgment in their favor and against Plaintiff, together with attorney fees and costs as permissible by law, and such other relief this Court may deem appropriate.

## COUNT V – STATE NEGLIGENCE CLAIMS

115.    Denied. Answering Defendants incorporate their responses to the previous paragraphs as though set forth herein at length.

116.    Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

117.    Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

118.    Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

119.    Denied. The averments contained in the paragraph are not directed at Answering Defendants. Therefore, no answering averments are required.

**WHEREFORE,** Answering Defendants request judgment in their favor and against Plaintiff, together with attorney fees and costs as permissible by law, and such other relief this Court may deem appropriate.

## COUNT VI – STATE NEGLIGANCE CLAIMS

120.    Denied. Answering Defendants incorporate their responses to the previous paragraphs as though set forth herein at length.

121.    Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

122.    Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

143.[2]   Denied. The averments in this paragraph are conclusions of law deemed denied as such by the Federal Rules of Civil Procedure. Therefore, no answering averments are required.

**WHEREFORE,** Answering Defendants request judgment in their favor and against Plaintiff, together with attorney fees and costs as permissible by law, and such other relief this Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint in each cause of action thereof fails to set forth facts sufficient to state a claim upon which relief may granted against Answering Defendant, and further fails to state facts sufficient to entitle Plaintiffs to the relief sought.

---

[2] Paragraph numbering used is consistent with the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant asserts every defense available to it in the existing Civil Rights Act, 42 U.S.C. § 1983, and all applicable state and federal laws.

### FOURTH AFFIRMATIVE DEFENSE

All policies, procedures and customs of Answering Defendant are in accordance with all laws, rules, regulations, statutes, and the Constitutions of the United States and the Commonwealth of Pennsylvania.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to plead or prove a legitimate, sufficient and/or viable official policy or custom sufficient to support municipal liability.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Answering Defendant are purported Civil Rights violations pursuant to a theory of respondeat superior are barred in whole or in part.  See *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### SEVENTH AFFIRMATIVE DEFENSE

Bristol Borough's police officers are adequately trained, Therefore was no need for better or further training, and no municipal policy maker for Bristol Borough was deliberately indifferent with respect of proper police training.

### EIGHTH AFFIRMATIVE DEFENSE

At all times material to this litigation, Bristol Borough acted in a manner which is proper, reasonable, and lawful in an exercise of good faith.

13

## NINTH AFFIRMATIVE DEFENSE

At all times material to this ligation, Plaintiffs were treated in a proper and lawful manner and in accordance with the laws of the Commonwealth of Pennsylvania and the United States of America.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim pursuant to 42 U.S.C. § 1983 upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

No act, action or admission of Bristol Borough was the proximate cause or legal cause of any damages allegedly sustained by the Plaintiffs and this constitutes a complete defense to the within cause of action.

## TWELFTH AFFIRMATIVE DEFENSE

All conduct and action taken by Bristol Borough were done in accordance with all laws, rules, regulations, statutes and the Constitutions of the United States and the Commonwealth of Pennsylvania.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, suffering and/or damages, if any, were caused by their own conduct, negligence, recklessness, disregard, and other behavior, and not in any way by the conduct of the Answering Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, sufferings and/or damages, if any, were caused by the conduct, negligence, recklessness, disregard, or other behavior of parties over whom Answering Defendant

had no control, and no right of control, and were not caused in any way by the conduct of the Answering Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

No act, action or omission by Answering Defendant was the proximate cause or the legal cause of any damage allegedly sustained by the Plaintiffs, and this constitutes a complete defense to the within cause of action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts that the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 *et seq.* acts as a bar to Plaintiffs' claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts all defenses, immunities and limitations of causes of action and/or damages available to it under the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 *et seq.*

### EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts all common law, statutory and qualified immunity to which it may be entitled.

### NINETEENTH AFFIRMATIVE DEFENSE

The  Plaintiffs injuries and/or damages were not cause by any actions or inactions, nor cause by any policy, practice or custom of the Answering Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

At all times, material hereto, Answering Defendant's actions did not violate Plaintiffs' civil rights.

**WHEREFORE,** Answering Defendants requests judgment in their favor and against Plaintiff, together with attorney fees and costs as permissible by law, and such other relief this Court may deem appropriate.

Respectfully submitted,

**SIANA LAW**

Date: <u>February 14, 2024</u>          By: _____

Andrew M. Rongaus, Esquire, I.D. #87423
Theodore T. Speedy, Esquire I.D. #330386
Attorneys for Defendants,
*Bristol Borough, & Officer Dino LePore*
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 (F): 610.321.0505
amrongaus@sianalaw.com
ttspeedy@sianalaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CIARA ANDERSON, et al., | : | |
| Plaintiffs, | : | No.: 2:23-cv-04118 |
| | : | |
| v. | : | |
| | : | |
| BRISTOL BOROUGH, et al., | : | CIVIL ACTION - LAW |
| Defendants. | : | JURY TRIAL DEMANDED |
| | : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of the foregoing Answer with affirmative defenses of Defendants Borough of Bristol and Officer Dino LePore to Amended Complaint was served upon the following via ECF or U.S. Mail, postage pre-paid:

Benjamin C. Hoffman, Esquire
Clearfield & Kofsky
1617 JFK Blvd, Suite 355
Philadelphia, PA 19103

Jeffrey Mozdziock, Esquire
PA Office of Attorney General
1600 Arch Street, 3rd Floor
Philadelphia, PA 19103

Steven C. Feinstein, Esquire
Feinstein & Fioravanti
2633 E. Allegheny Avenue
Philadelphia, PA 19134

Kasir Russell-Curry
6311 Glenlock Street
Philadelphia, PA 19135

Turo, Inc.
111 Sutter Street, Floor 13
San Francisco, CA 94104

Carlos Hinostroza Pozo
260 Bell Ave, 2nd Floor
Lodi, NJ 07644

**SIANA LAW**

Date: February 14, 2024      By:

Andrew M. Rongaus, Esquire I.D. #87423
Theodore T. Speedy, Esquire I.D. #330386
Attorneys for Defendants,
*Bristol Borough, Bristol Borough Police Department,*
*Dino LePore, Alan Hankinson, & Peter Faight*
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 (F): 610.321.0505
amrongaus@sianalaw.com;
ttspeedy@sianalaw.com